UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OUI SAYTHANOM,

    Petitioner,

v.                                                         Case No. 8:07-cv-37-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Saythanom petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his state conviction for aggravated battery and possession of a firearm by a delinquent, for which conviction Saythanom serves twenty years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 9) The respondent offers no challenge to the petition's timeliness.

## **FACTS**[1]

Saythanom, who was sixteen years old, and some of his gang were in the front yard of his home. The victim, who was seventeen years old, and some friends walked by Saythanom's home. When someone in Saythanom's gang yelled "white boy," someone in the victim's group turned around to face Saythanom's gang and responded, "Grow up." Saythanom pulled a firearm and started shooting. The victim and his friends fled, but a bullet, possibly a ricochet, struck the back of the victim's leg. The information

---

[1] This summary of the facts derives from Saythanom's brief on direct appeal. (Respondent's Exhibit 6)

charged that Saythanom was previously adjudicated a delinquent for possession of marijuana with the intent to sell, a felony if committed by an adult.

Saythanom pleaded guilty with the understanding that the state agreed to a sentence of the minimum mandatory twenty years but that counsel would request that the court sentence Saythanom as a youthful offender.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the

>   Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002).  See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").  Moreover, the phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

In per curiam decisions without a written opinion, the state appellate court affirmed (1) Saythanom's convictions and sentences on direct appeal (Respondent's Exhibit 8), (2) the denial of his subsequent Rule 3.850 motion to vacate (Respondent's Exhibit 16), (3) and the denial of his Rule 3.800 motion to correct sentence. (Respondent's Exhibit 26)  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

- 3 -

Saythanom bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). The focus is on the state court's application of controlling precedent, not whether the state court failed to cite the appropriate precedent. "[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003), quoting Early v. Packer, 537 U.S. 3, 8 (2002). Consequently, this court must defer to the findings of fact in the state court's rejection of Saythanom's post-conviction claims. (Respondent's Exhibits 11, 13, and 22)

Saythanom must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In ground one Saythanom asserts four claims of ineffective assistance of counsel and in ground two he asserts one claim of trial court error.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Saythanom claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective

assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Although the Strickland standard controls a claim that counsel was ineffective in recommending that a client plead guilty, Hill v. Lockhart, 474 U.S. 52 (1985), Agan v. Singletary, 12 F.3d 1012 (11th Cir. 1994), greater evidence is needed to prove both deficient performance and prejudice if the client pleads guilty.  "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial."  Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984).  And to prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. at 59.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91.  Saythanom cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial . . . .  We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in

- 6 -

every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim). The state court summarily denied several of the claims of ineffective assistance of counsel with the following introduction.

> In order to successfully argue a claim of ineffective assistance of counsel, the Defendant must prove that counsel's performance was deficient and that the deficiency caused the Defendant to suffer prejudice. Strickland v. Washington, 466 U.S. 668 (1984). To satisfy the prejudice test, the Defendant must show that a reasonable probability exists that the outcome would have been different absent the ineffective assistance. Id.; Haliburton v. Singletary, 691 So. 2d 466 (Fla. 1997).

(Respondent's Exhibit 11 at 1-2) Because the state court correctly recognized that Strickland governs each claim of ineffective assistance of counsel, Saythanom cannot meet the "contrary to" test in Section 2254(d)(1). Saythanom instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.

Ground one:

Saythanom asserts four claims of ineffective assistance of counsel. The first and fourth claims are related. Saythanom presented the two claims as one in the state proceedings.[2] The first claim alleges that counsel rendered ineffective assistance by coercing Saythanom to plead guilty by promising to both obtain a "predisposition report" from the juvenile court and request a concession from the state for a sentence below the

---

[2] The respondent is correct that the claims are worded slightly different in the federal petition compared to the state petition. The exhaustion and procedural default doctrines preclude a broader or different interpretation of the claims compared to what Saythanom presented in the state proceedings.

- 7 -

twenty-year minimum mandatory. The fourth claim alleges that counsel rendered ineffective assistance by allowing the judge to impose a sentence without counsel having obtained either the "predisposition report" or the sentencing concession from the state. The state court rejected these claims in denying Saythanom's Rule 3.850 motion to vacate.

> The Defendant claims his trial counsel was ineffective for failing to ensure that a Predisposition Report was completed prior to the Defendant's sentencing and for failing to request that the State waive the twenty-year mandatory minimum sentence in the Defendant's case.
>
> . . . .
>
> In the instant case, the record reflects that the Defendant agreed to a twenty-year capped sentence and understood that he was facing a twenty-year mandatory minimum sentence. The Defendant also acknowledged that he understood that his trial counsel would only be making a request to the State to waive the mandatory minimum, and then a request to the Court to honor that waiver. Therefore, the Defendant's sentence in no way violates the plea agreement.
>
> Moreover, the Defendant cannot prove that he was prejudiced by any deficiency on the part of his trial counsel, as the sentencing Court clearly indicated it was not willing to sentence the Defendant as a juvenile even if the PDR [predisposition report] made that recommendation, and would adhere to the applicable mandatory minimum.

Respondent's Exhibit 11 at 68-69 (citations to record omitted) The state court correctly rejected these claims based on Saythanom's inability to show prejudice. Additionally, counsel's promise to "request" the state to waive the mandatory minimum is no guarantee of a lesser sentence. Saythanom fails to show that the state court's decision was an unreasonable application of controlling law. Accordingly, Saythanom's request for relief based on claims one and four is denied.

In claim two Saythanom alleges that the state failed to show an adequate factual basis for the aggravated battery charge because the state failed to show an intent to shoot the victim. The state court rejected this claim as follows:

> The Defendant alleges his trial counsel was ineffective for failing to object to the State's insufficient factual basis at the change of plea hearing. After reviewing a transcript of the hearing, the Court finds that the factual basis sufficiently established each element of the charges for which the Defendant was convicted. Accordingly, trial counsel cannot be deemed ineffective for failing to object to the factual basis, and this claim is denied.

Respondent's Exhibit 11 at 69 (citations to record omitted) The transcript of the change of plea hearing supports the state court's finding of a sufficient factual basis, including the requisite intent. The prosecutor's factual basis includes the representation that the "victim . . . is walking by a home when the defendant, in the company of other individuals, post-Miranda admits that he used a firearm to shoot at and strike [the] victim . . . ." Respondent's Exhibit 2 at 64. The state court correctly applied Strickland because counsel's failure to object was not deficient performance.

In claim three Saythanom alleges that counsel failed to advise Saythanom about possible defenses. The state court rejected this claim as follows:

> The Defendant alleges his trial counsel was ineffective for failing to advise him that he had a viable defense of necessity to the crimes charged.[3] However, the Defendant does not allege that, had he known this defense was available, he would not have entered a guilty plea. Accordingly, this claim is dismissed as facially insufficient. See Kidney v. State, 559 So. 2d 1292 (Fla. 2d DCA 1990).

Respondent's Exhibit 11 at 69 (citations to record omitted) The state court determined that this claim was insufficiently alleged. A review of Saythanom's motion for

---

[3] Saythanom claimed that the victim threatened him with a broken beer bottle.

- 9 -

post-conviction relief (Respondent's Exhibit 10) shows that the state court correctly determined that Saythanom failed to allege that "had he known this defense was available, he would not have entered a guilty plea." The state court's determination was not unreasonable. See, e.g., Hill v. Lockhart, 474 U.S. at 59 ("[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

Ground Two:

The state court originally sentenced Saythanom to a general sentence of twenty years. Saythanom successfully challenged the legality of the sentence, which resulted in a corrected sentence of twenty years for the aggravated battery charge and a concurrent sentence for possession of a firearm by a delinquent. Saythanom alleges that the state court erred in failing to allow Saythanom to withdraw his plea. Whether the state court erred in not allowing Saythanom to withdraw his plea is a matter of state law. Federal habeas corpus review of an alleged violation of state law is limited by statute. "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a general principle, alleged violations of state law simply fail to assert a constitutional issue.

> Questions of state law rarely raise issues of federal constitutional significance, because "[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1053-54 (11th Cir. 1983) (citations omitted). We review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render "the entire

> trial fundamentally unfair." Id. at 1054 (defective jury charge raises issue of constitutional dimension "only if it renders the entire trial fundamentally unfair"); see also Futch v. Dugger, 874 F.2d at 1487 (improperly admitted evidence "must be inflammatory or gruesome, and so critical that its introduction denied petitioner a fundamentally fair trial"). "[T]he established standard of fundamental fairness [when reviewing state evidentiary rulings] is that habeas relief will be granted only if the state trial error was 'material in the sense of a crucial, critical, highly significant factor.'" Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (quoting Hills v. Henderson, 529 F.2d 397, 401 (5th Cir. 1976)).

Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991), cert. denied, 502 U.S. 1105 (1992). Saythanom fails to show that the state court's disallowing his withdrawing the guilty plea is a "fundamental error" or "manifest injustice." The illegal sentence was corrected at Saythanom's behest. Saythanom offers nothing that questions the propriety of the plea.

Accordingly, Saythanom's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Saythanom and close this case.

ORDERED in Tampa, Florida, on June 24, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE